UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:16-CV-1427-SPM |
| ) | |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, denying the application of Plaintiff David Meyer ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10). Because I find the decision denying benefits was not supported by substantial evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

On October 7, 2013, Plaintiff applied for DIB and SSI, alleging that he had been unable to work since September 1, 2007. (Tr. 158-165, 166-71). His applications were initially denied. (Tr. 82-90). On January 14, 2014, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 93-94). On May 21, 2015, after a hearing, the ALJ found Plaintiff was not disabled under the Act. (Tr. 17-34). On June 12, 2015, Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. (Tr. 14-16). On July 7, 1016, the Appeals Council denied his request for review. (Tr. 1-6). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

The facts related to the issues raised by Plaintiff will be addressed as needed in the discussion below.

## II. STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f),

416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since September 1, 2007, the alleged onset date; that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, hypertension, diabetes mellitus, and depression; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 22-23). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except that he can occasionally stoop, kneel, crouch, and crawl, with no work around hazards such as unprotected heights or dangerous machinery and no jobs requiring good depth perception or binocular vision such as small parts assembly, and is limited to simple, routine tasks with only occasional changes in a routine work setting. (Tr. 24). At Step Four, the ALJ found that Plaintiff was unable to perform

any of his past relevant work. (Tr. 28). At Step Five, relying on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including mail clerk (Dictionary of Occupational Titles ("DOT") No. 209.687-026), merchandise marker (DOT No. 209.587-034), and garment sorter (DOT No. 222.687-014). (Tr. 29). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, from September 1, 2007, through the date of his decision. (Tr. 30).

## IV. DISCUSSION

### A. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012) (quoting *Moore*, 572 F.3d at 522). In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's

decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B. Remand is Required for Further Evaluation of Plaintiff's Reaching Ability

Plaintiff argues that remand is required because the ALJ failed, without explanation, to include in the RFC (and the hypothetical question posed to the vocational expert) the limitation to only "occasional" reaching that was found in the opinion of consultative examiner Robert Poetz, D.O. As both parties acknowledge, the decision not to include this limitation in the RFC is significant, because each of the three jobs the ALJ identified that Plaintiff was capable of doing requires frequent reaching. *See* Pl.'s Br. at 11-12; Def.'s Br. At 7.

On August 19, 2011 Dr. Poetz examined Plaintiff and reviewed Plaintiff's medical records. (Tr. 321-26). He noted Plaintiff's complaint that his "left shoulder pops," which caused pain. (Tr. 321). On examination, Dr. Poetz found that Plaintiff "exhibits an audible pop in his left shoulder with range of motion." (Tr. 324). Dr. Poetz's diagnoses included left shoulder sprain/contusion. (Tr. 324). On a work restriction evaluation form, Dr. Poetz made several findings about Plaintiff's physical abilities, including findings that Plaintiff could only occasionally lift up to 20 pounds overhead and could never lift more; could only occasionally carry over 30 pounds and could never carry more; and could only occasionally bend, climb, and reach. (Tr. 327-28).

In his decision, the ALJ stated that Dr. Poetz's opinion "is given significant weight because he examined the claimant and his opinion is consistent with his examination findings." (Tr. 27). In the RFC assessment, the ALJ incorporated several of the limitations in Dr. Poetz's opinion, but he did not include any limitations on reaching. The ALJ did not explain in his decision why he discounted the reaching limitation in Dr. Poetz's opinion, nor did he specifically discuss how other

6

evidence led him to conclude that Plaintiff had no reaching limitations.[2] Plaintiff argues that remand is required because the ALJ gave significant weight to Dr. Poetz's opinion, yet he neither included the limitation on reaching in his opinion nor explained why he was not including that limitation. The Court agrees.

"The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The ALJ is "not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians" in determining a claimant's RFC." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir.2011) (quotation marks omitted). However, "[i]f the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Courts often find that remand is required where an ALJ gives significant weight to a consultative examiner's opinion, yet does not include some of the limitations in that opinion—particularly where there is evidence to support the omitted limitations and it is unclear from the record why the ALJ did not include the omitted limitations. *See, e.g.*, *Murphy v. Colvin*, No. 1:15-CV-00131-AGF, 2016 WL 4158868, at *7 (E.D. Mo. Aug. 5, 2016) (remanding where the ALJ stated that he "accepted" the opinion of a consulting physician because it was "grounded in the evidence of record," yet did not give any reason for disregarding parts of that opinion; noting that the ALJ's error could not be overlooked given that there appeared to be ample evidence in the

---

[2] Notably, the ALJ did offer specific reasons for discounting one of Dr. Poetz's opinions—an opinion regarding Plaintiff's loss of vision in the right eye. (Tr. 27).

7

record to support the physician's opinion); *Crews-Cine v. Colvin*, No. 4:13-CV-00732-NKL, 2014 WL 2828894, at *2 (W.D. Mo. June 23, 2014) (remanding where the ALJ gave "great weight" to the opinion of a consultative examiner but then "offer[ed] no explanation as to why only certain limitations are incorporated in the RFC while others are not"); *Reynolds v. Astrue*, No. 1:06-CV-64-CDP-DDN, 2007 WL 5100461, at *4 (E.D. Mo. Aug. 7, 2007) (finding remand required where the ALJ found a consultative physician's opinion "well rationalized," but did not include certain limitations from the physician's opinion in Plaintiff's RFC; noting that no other medical evidence in the record showed that Plaintiff did not have those limitations). *Cf. McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008) (finding substantial evidence did not support the ALJ's decision and remanding for clarification where the court could not determine from the record whether the ALJ discounted the opinion of the consultative examiner, or if he had done so, why he had done so).

Here, as in the above cases, the ALJ gave significant weight to Dr. Poetz's opinion, yet did not offer any reason for not including in the RFC assessment the reaching limitation in Dr. Poetz's opinion. Moreover, as in the above cases, it is not apparent why he did not include that limitation, in light of evidence in the record that appears to support it. As noted above, Dr. Poetz's opinion regarding Plaintiff's reaching abilities was supported by Dr. Poetz's own objective observation that Plaintiff "exhibits an audible pop in his left shoulder with range of motion." (Tr. 324). Moreover, the only other physician to offer an opinion about Plaintiff's reaching abilities, Dr. Stephen Williamson, M.D., also opined that Plaintiff could "reach . . . occasionally limited by upper extremity weakness." (Tr. 259). On examination, Dr. Williamson also noted some lower-than-normal muscle strength in Plaintiff's upper extremities and back that appear to support that limitation. (Tr. 258). Evidence submitted to the Appeals Council is also consistent with a finding

8

that Plaintiff had limited reaching abilities.[3] On June 16, 2015, Plaintiff returned to Dr. Poetz for further evaluation. (Tr. 336). On examination, Dr. Poetz found "crepitus exhibited at the left shoulder with range of motion," as well as some lower-than-normal muscle strength in the left shoulder. (Tr. 339). Dr. Poetz also found significant reductions in Plaintiff's range of motion in the left upper extremities, in abduction, flexion, and extension. (Tr. 339). Dr. Poetz again opined that Plaintiff would be able to reach only occasionally. (Tr. 344).

In light of the facts described above, it is unclear why the ALJ did not include a limitation to occasional reaching in the RFC, and thus the Court cannot say that substantial evidence supports the RFC assessment in this case. On remand, the ALJ should either formulate an RFC consistent with Dr. Poetz's opinion regarding Plaintiff's reaching limitations or should explain why he is not including such a limitation in the RFC.

## VI. CONCLUSION

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

---

[3] Where additional evidence was presented to the Appeals Council, the Court must determine whether the record as a whole, including the new evidence, supports the ALJ's determination. *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013); *Perks v. Astrue*, 687 F.3d 1086, 1093 (8th Cir.2012); *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). The Eighth Circuit has noted that this requires that the Court "must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing," which is "a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of January, 2018.